**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>ONE OR MORE UNKNOWN PARTIES DECEIVING CONSUMERS INTO MAKING PURCHASES THROUGH:<br>www.cleanyos.com,<br>www.arlysol.com,<br>www.broclea.com,<br>www.cadclea.com,<br>www.cleancate.com,<br>www.cleankler.com,<br>www.cleanula.com,<br>www.clean-sale.com,<br>www.clean-sell.com,<br>www.clorox-sale.com,<br>www.clorox-sales.com,<br>www.cloroxstore.com,<br>www.crlysol.com,<br>www.elysol.com,<br>www.littletoke.com,<br>www.lybclean.com,<br>www.lysoiclean.com,<br>www.lysol-clean.com,<br>www.lysol-cleaners.com,<br>www.lysol-free.com,<br>www.lysolsales.com,<br>www.lysolservicebest.com,<br>www.lysol-sell.com,<br>www.lysol-wipe.com, and<br>www.thaclean.com,<br><br>    Defendants. | Case No. _____<br><br>**COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF** |

Plaintiff, the Federal Trade Commission ("FTC"), for its Complaint alleges:

1. The FTC brings this action under Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), 57b; and the FTC's Trade Regulation Rule Concerning the Sale of Mail, Internet, or Telephone Order Merchandise ("MITOR" or the "Rule"), 16 C.F.R. Part 435, to obtain temporary, preliminary, and permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief for Defendants' acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and in violation of MITOR, in connection with their scheme to take consumers' money in the midst of the current pandemic by deceiving people into thinking that they are ordering urgently-needed cleaning and disinfecting supplies from websites owned by or affiliated with the manufacturers of well-known products. Not only are Defendants unconnected to these manufacturers, they never deliver the products. They take consumers' money and disappear.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(2), (b)(3), (c)(2), (c)(3), and 15 U.S.C. § 53(b).

## PLAINTIFF

4. The FTC is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41–58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce.

The FTC also enforces MITOR, 16 C.F.R. Part 435, which requires mail-, Internet-, or telephone-based sellers to have a reasonable basis for advertised shipping times, and, when sellers cannot meet promised shipping times, or in the absence of any promised shipping time, ship within 30 days, to provide buyers with the option to consent to a delay in shipping or to cancel their orders and receive a prompt refund.

5. The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and MITOR, and to secure such equitable relief as may be appropriate in each case, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies. 15 U.S.C. §§ 53(b), 57b, and 16 C.F.R. Part 435.

## DEFENDANTS

6. Defendants' true identities and addresses are unknown to the Commission at this time. Through each of the websites identified by name in this Complaint, Defendants have falsely represented to the public that Defendants have a mailing address in this District at 2180 Barlow Rd., Hudson, OH 44236. Defendants have no true affiliation with that physical address, but they have listed it repeatedly on their deceptive websites in the course of their scheme. Defendants transact or have transacted business in this District and throughout the United States. At all times material to this Complaint, acting alone or in concert with others, Defendants have advertised or marketed themselves to consumers throughout the United States as sellers of well-known brands of cleaning and disinfecting products.

## COMMERCE

7. At all times material to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' BUSINESS ACTIVITIES

8. Since at least July 2020, during the global pandemic, Defendants have been scamming consumers urgently seeking cleaning and disinfecting products by tricking them into purchasing such products from Defendants' counterfeit websites. Specifically, Defendants purport to sell Clorox and Lysol products. Defendants take consumers' hard-earned money but never deliver the products.

9. To lure consumers, Defendants have used internet search engine, social media, and pop-up advertisements to bring consumers to their websites to order Clorox and/or Lysol cleaning and disinfecting products. These products have been in high demand due to the COVID-19 pandemic, and consumers may have difficulty finding them available for purchase in their local areas. Defendants have made express references to the pandemic in their marketing.

10. Defendants' advertisements take consumers to websites designed to look as if Defendants are, or are affiliated with, the makers of Clorox or Lysol products. Images A and B, below, are excerpts from examples of Defendants' website homepages. Screenshots of examples of Defendants' website pages are attached as Exhibit A.

**Image A:  www.lysol-wipe.com Home Page**



**Image B:    www.clorox-sale.com Home Page**



11.     Defendants' counterfeit websites have included, but have not been limited to, the following:

        a)     www.cleanyos.com,

        b)     www.arlysol.com,

6

c) www.broclea.com,

d) www.cadclea.com,

e) www.cleancate.com,

f) www.cleankler.com,

g) www.cleanula.com,

h) www.clean-sale.com,

i) www.clean-sell.com,

j) www.clorox-sale.com,

k) www.clorox-sales.com,

l) www.cloroxstore.com,

m) www.crlysol.com,

n) www.elysol.com,

o) www.littletoke.com,

p) www.lybclean.com,

q) www.lysoiclean.com,

r) www.lysol-clean.com,

s) www.lysol-cleaners.com,

t) www.lysol-free.com,

u) www.lysolsales.com,

v) www.lysolservicebest.com,

w) www.lysol-sell.com,

x) www.lysol-wipe.com, and

y) www.thaclean.com.

12. Defendants have used a variety of methods to deceive consumers into thinking they have accessed an official or approved website affiliated with the makers of Clorox or Lysol, including using the Lysol or Clorox names and logos on the website homepage and the overall website design.

13. In many instances, consumers who have visited Defendants' websites believed they were on official websites owned and operated, or otherwise authorized, by The Clorox Company ("TCC") or Reckitt Benckiser Group plc ("RB"), the manufacturers of Clorox and Lysol products, respectively. Many consumers have discovered that they were not dealing with TCC or RB only after placing orders through the Defendants' websites and providing Defendants with their payment information.

14. In fact, Defendants are not part of, affiliated with, or authorized to sell products on behalf of TCC or RB. Neither are the Defendants authorized to use the names, logos, or any other protected content of these well-known businesses.

15. Defendants' websites offer for sale a variety of Clorox and Lysol cleaning products at "special," "flash sale," or discount pricing. Defendants encourage consumers to spend $50 or more by purporting to offer free shipping.

16. To submit an order through Defendants' websites, Defendants require the consumer to provide payment information, such as a credit card number. Defendants immediately charge the consumer. Consumers report seeing a wide and inconsistent variety of charging descriptors on their statements when these charges are processed.

17.     In numerous instances, consumers have never received the Clorox or Lysol products they ordered and paid for through Defendants' websites.  In fact, Plaintiff is not aware of any instance in which Defendants have delivered to any consumer any Lysol or Clorox products that the consumer ordered.  On information and belief, in the aggregate, Defendants have charged consumers for thousands of unfulfilled orders of Lysol and Clorox products since July 2020.

18.     After consumers have submitted their orders and payment information, their experiences have fallen into one of three categories.  Consumers report (a) never hearing from Defendants again, even after attempting to check on their orders by email and/or telephone, (b) receiving communications from Defendants with falsified or fictitious delivery information about a purported shipment that never arrives, or (c) receiving some shipment from Defendants of a worthless product that the consumer did not order, such as a pair of socks.

19.     In numerous instances, consumers have reported that when they have attempted to go back to Defendants' websites to check on order status they have discovered that the websites no longer exist.  Although Defendants' websites have routinely disappeared in a matter of days or weeks, Defendants have continued to perpetrate their scheme using new websites with different URLs but essentially the same design, format, and content.

20.     In numerous instances, consumers have attempted to follow established procedures to obtain chargebacks or refunds through the institutions that provide the payment accounts through which they paid Defendants.  However, in numerous instances, Defendants' use of falsified shipment information has frustrated consumers' efforts to use these mechanisms.  When consumers have presented their claims through these procedures, Defendants have

deceptively represented that they fulfilled consumers' orders. As purported evidence that they have fulfilled consumers' orders, Defendants have provided evidence of actual shipments that have been unrelated to the consumers at all or that reflect only Defendants' shipments of worthless or incorrect items to consumers. In numerous instances, these deceptive tactics have led institutions to deny consumers' requests for chargebacks or refunds.

21. Based on the facts and violations of law alleged in this Complaint, the FTC has reason to believe that Defendants are violating or are about to violate laws enforced by the Commission.

## VIOLATIONS OF THE FTC ACT

22. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

23. Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

### Count I

### Misrepresentations to Induce Payments for Cleaning Supplies

24. In numerous instances in connection with the advertising, marketing, promotion, or offering for sale of cleaning supplies branded as Clorox or Lysol products, including through the means described in Paragraphs 8-20, Defendants induce consumers to make payments to Defendants by representing, directly or indirectly, expressly or by implication: (a) that Defendants are part of, affiliated with, or authorized to sell products on behalf of The Clorox Company and/or Reckitt Benckiser Group plc, and (b) that Defendants will deliver the products consumers order from Defendants' websites.

25. In truth and in fact, Defendants (a) are not part of, affiliated with, or authorized to sell products on behalf of The Clorox Company and/or Reckitt Benckiser Group plc, and (b) have failed to deliver to consumers the products that consumers have ordered from Defendants' websites.

26. Therefore, the making of the representations as set forth in Paragraph 24 constitutes a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## VIOLATIONS OF THE MAIL, INTERNET, OR TELEPHONE ORDER MERCHANDISE RULE

27. MITOR, 16 C.F.R. Part 435, prohibits sellers from soliciting any order for the sale of merchandise ordered through the mail, via the Internet or by telephone "unless, at the time of the solicitation, the seller has a reasonable basis to expect that it will be able to ship any ordered merchandise to the buyer" either "[w]ithin that time clearly and conspicuously stated in any such solicitation; or [i]f no time is clearly and conspicuously stated, within thirty (30) days after receipt of a properly completed order from the buyer." 16 C.F.R. § 435.2(a)(1).

28. "Receipt of a properly completed order" means "where the buyer tenders full or partial payment … the time at which a seller receives both said payment and an order from the buyer containing all of the information needed by the seller to process and ship the order." 16 C.F.R. § 435.1(c).

29. "Shipment" means the act of physically placing the merchandise in the possession of a carrier. 16 C.F.R. § 435.1(e).

30. Where a seller is unable to ship merchandise within the time stated in the solicitation or within 30 days, if no time is given, the seller must offer to the buyer "clearly and conspicuously and without prior demand, an option either to consent to a delay in shipping or to cancel the buyer's order and receive a prompt refund." 16 C.F.R. § 435.2(b)(1).

    a) Any such offer "shall be made within a reasonable time after the seller first becomes aware of its inability to ship," but in no event later than the time stated or within 30 days if no time is stated. 16 C.F.R. § 435.2(b)(1).

    b) The offer must fully inform the buyer of the buyer's right to cancel and provide a definite revised shipping date or inform the buyer that the seller cannot make any representation regarding the length of the delay. 16 C.F.R. § 435.2(b)(1)(i).

31. A seller must "deem an order cancelled and… make a prompt refund to the buyer whenever the seller receives, prior to the time of shipment, notification from the buyer cancelling the order pursuant to any option [under MITOR] … [or] [t]he seller fails to offer the option [to consent to a delay or cancel required by § 435.2(b)(1)] and has not shipped the merchandise" within the time required by MITOR. 16 C.F.R. § 435.2(c), (c)(1), and (c)(5).

32. Pursuant to Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), and 16 C.F.R. Part 435.2 a violation of the Rule constitutes an unfair or deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## Count II

33. In numerous instances, when the Defendants:

  a) represent they will ship purchased goods, they do not have a reasonable basis to expect to ship the goods within the timeframes they promise or within 30 days;

  b) fail to ship orders within the timeframe required by MITOR, they also fail to offer customers the opportunity to consent to a delay in shipping or to cancel their order and receive a prompt refund;

  c) fail to ship orders within the timeframe required by MITOR and fail to offer consumers the opportunity to consent to a delay in shipping or to cancel their order, they do not cancel those orders or provide consumers a prompt refund;

  d) receive cancellation and refund requests from consumers pursuant to any option under MITOR, they do not deem those orders cancelled or provide a prompt refund.

34. Defendants' practices as alleged in Paragraph 33 violate MITOR, 16 C.F.R. § 435.2(a), (b), and (c), and therefore are unfair or deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a).

## CONSUMER INJURY

35. Consumers are suffering, have suffered, and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act and MITOR. In addition, Defendants have been unjustly enriched as a result of their unlawful acts or practices. Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

36. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC. The Court, in the exercise of its equitable jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC.

37. Section 19 of the FTC Act, 15 U.S.C. § 57b, and MITOR authorize this Court to grant such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of MITOR, including the rescission or reformation of contracts and the refund of money.

## PRAYER FOR RELIEF

Wherefore, Plaintiff FTC, pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b), 57(b), MITOR, and the Court's own equitable powers, requests that the Court:

A. Award Plaintiff such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief, including temporary and preliminary injunctions and an order freezing assets;

B. Enter a permanent injunction to prevent future violations of the FTC Act and MITOR by Defendants;

C.	Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act and MITOR, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies; and

D.	Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Respectfully submitted,

ALDEN F. ABBOTT
General Counsel

Dated:   November 4, 2020

*s/Harris A. Senturia*
Harris A. Senturia (OH 0062480)
Fil M. de Banate (OH 0086039)
Adrienne M. Jenkins (OH 0089568)
Federal Trade Commission
1111 Superior Avenue East, Suite 200
Cleveland, Ohio 44114
Telephone: (216) 263-3420 (Senturia)
Telephone: (216) 263-3413 (de Banate)
Telephone: (216) 263-3411 (Jenkins)
Facsimile: (216) 263-3426
hsenturia@ftc.gov
fdebanate@ftc.gov
ajenkins@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION